UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:11-CV-202 WL |
| | ) | |
| OFFICER ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). In determining whether the complaint states a claim, the court applies the same standard as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Frohwerk is suing Officer Armstrong, a correctional officer at Westville Correctional Facility ("Westville"). He alleges that on an unspecified date, Officer Armstrong woke him up with the following announcement, "Get up and go to church if you want to eat, because there ain't no lunch today! . . . Go get your cookies!" (DE 1 at 3.) Frohwerk alleges that he then proceeded to a Christian religious service because he wanted some cookies, even though he did not "share the same opinion as those persons appearing and preaching." (*Id.*) He asserts that he felt "dehumanized and morally fractured by attending a religious service just to get something to eat." (*Id.*) He asserts that Officer Armstrong's actions violated his right to adequate food under the Eighth Amendment, and his right to the free exercise of religion under the First Amendment. (*See id.* at 3-4.)

The Eighth Amendment is implicated only when a prisoner is forced to endure deprivations of the minimal civilized measure of life's necessities. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Prisoners have a right to a nutritionally adequate diet. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). While a substantial deprivation of food may amount to a constitutional violation, missing a few meals on occasion does not. *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999), *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999). At most Frohwerk alleges that he was not given a lunch on one particular day and that he had some cookies instead for this meal. He does not allege, nor can it be plausibly inferred from the complaint, that he suffered any adverse health effects as a result. Frohwerk's allegations fall far short of alleging an Eighth Amendment violation.

As for Frohwerk's First Amendment claim, an inmate cannot be forced to attend religious services. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lemon v. Kurtzman*, 403 U.S. 602, 91

(1971). However, it is apparent from the complaint that Frohwerk was not *forced* to attend the service; he chose to do so because he wanted some cookies. While Frohwerk could not permissibly be required to choose between adequate nutrition and his religious beliefs on a regular basis, *see Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990), it is apparent from the complaint that this was a one-time incident. Frohwerk could have simply decided to forego the cookies if he did not want to sit through the service, and the type of isolated incident he describes does not amount to a First Amendment violation. *See Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) ("De minimis burdens on the free exercise of religion are not of constitutional dimension."); *Hadi v. Horn*, 830 F.2d 779, 784, 787-88 (7th Cir. 1987) (occasional disruption of inmate's exercise of religion through cancellation of religious services did not violate the First Amendment).

For the reasons set forth above, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 20, 2011

    s/William C. Lee  
William C. Lee, Judge  
United States District Court